IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRIAN CHANCEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-34 |
| BASF CORPORATION, | § § § | |
| Defendant. | § | |

## BASF CORPORATION'S MOTION TO DISMISS

Defendant BASF Corporation ("BASF") respectfully files this Motion to Dismiss with prejudice all claims asserted by Plaintiff Brian Chancey pursuant to Federal Rule of Civil Procedure 12(b)(6). In his Original Complaint, Plaintiff fails to plead facts sufficient to establish liability under any legal theory. Accordingly, BASF respectfully requests that Plaintiff's claims be dismissed.

### I.   SUMMARY OF THE ARGUMENT

Plaintiff filed this lawsuit on January 25, 2022, alleging that BASF's COVID-19 protocols violated his rights under the Americans with Disabilities Act ("ADA"). Plaintiff's 290 paragraph, 40-page Complaint sought a variety of relief under a mishmash of legal theories. Dkt. No 1. On March 3, 2022, Plaintiff filed his Amended Complaint. Dkt. No. 6. Plaintiff's Amended Complaint is the live pleading in this matter and contains 126 paragraphs spanning 20 pages.  In his live Complaint, Plaintiff seeks relief under the following theories of liability: (1) discrimination, in violation of the ADA, for a variety of alleged slights; (2) improper medical exams and inquiries in violation of the ADA; and (3) retaliation in violation of the ADA. Despite the extensive factual allegations, Plaintiff's Amended Complaint fails to allege sufficient facts to support a legally

1

cognizable claim; therefore, the Court should dismiss all of Plaintiff's claims with prejudice.

Plaintiff's ADA discrimination claim must be dismissed because he is not a qualified individual with a disability. Plaintiff's medical exam and disability-related inquiries ADA claim must be dismissed because Plaintiff has not alleged BASF engaged in unlawful "medical examination" or "disability-related inquiry." Plaintiff's ADA retaliation claim must be dismissed because Plaintiff has not alleged an adverse employment action.

## II.   ISSUE TO BE RULED ON BY THE COURT

**Issue One:** Does being regarded as having "an impaired immune system," "an impaired respiratory system" and/or "a contagious disease" satisfy the "regarded as" prong of the ADA when there is no allegation that BASF treated these conditions as substantially limiting one or more major life activity?

**Issue Two:** Are BASF's COVID-19 mitigation protocols "medical examinations" or "disability-related inquiries" under the ADA when EEOC guidance states that they are not?

**Issue Three:** Would a reasonable employee find Plaintiff's alleged adverse actions to be materially adverse?

## III.   ARGUMENT & AUTHORITIES

**A.   Standard of Review.**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must assert a plausible claim and set forth sufficient factual allegations to support the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to claimant. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).

*Iqbal*, 556 U.S. at 678. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief…" *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

**B.     Plaintiff Amended Complaint fails to plausibly allege that he was "regarded as" disabled.**

The ADA is a federal antidiscrimination statute designed to remove barriers that prevent qualified individuals with disabilities from enjoying the same employment opportunities that are available to individuals without a disability. See 42 U.S.C. §§ 12101-12113; *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674-75 (2001); *EEOC v. LHC Grp., Inc*., 773 F.3d 688, 696 (5th Cir. 2014). To state a claim for employment discrimination under Title I of the ADA, the plaintiff must allege that: (1) he has a "disability" or was "regarded as disabled"; (2) he was qualified for the position; and (3) he was subject to an adverse employment action because of his disability. *Nall v. BNSF Ry. Co*., 917 F.3d 335, 341 (5th Cir. 2019).

The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 479 n.2 (5th Cir. 2016); 29 C.F.R. 1630.2(g)(2) (describing these as the "actual disability," "record of," and "regarded as" prongs). To state a viable claim under the "regarded as" prong, Plaintiff must allege (and eventually prove): "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Kemp v. Holder*, 610 F.3d 231, 237 (5th Cir. 2010). The key piece of this definition conspicuously absent from Plaintiff's live Complaint is an allegation that BASF believed that Plaintiff's "impairment" substantially limited

3

one or more major life activity.

Plaintiff alleges BASF regarded him "as having a disability of an impaired immune system and impaired respiratory system, and began responding to the plaintiff as if he had a contagious disease." Dkt. No. 6 at 3, ¶ 12. Plaintiff, however, does not, and cannot, allege that BASF believed the alleged "impairments" **substantially limited one or more major life activity(ies).** Indeed, numerous courts have held that similar allegations are insufficient to state a claim under the ADA. *See Champion v. Mannington Mills, Inc.*, 538 F. Supp. 3d 1344, 1348 (M.D. Ga. 2021) ("A plaintiff must allege factual matter explaining how the alleged ailment substantially limits a major life activity."); *Payne v. Woods Services, Inc.*, 520 F. Supp. 3d 670, 679 (E.D. Pa. 2021) ("Plaintiff has not alleged any facts regarding his symptoms or impairments as a result of his COVID-19 diagnosis, and has not alleged what 'major life activity' or activities he was unable to perform as a result."); *Rice v. Guardian Asset Mgmt., Inc.*, No. 3:21-CV-00693-AKK, 2021 WL 4354183, at *3 (N.D. Ala. Aug. 19, 2021); *Lewis v. Florida Default Law Group, P.L.*, No. 8:10-CV-1182-T-27EAJ, 2011 WL 4527456, at *6 (M.D. Fla. Sept. 16, 2011); *Patrick v. Southern Co. Services*, 910 F. Supp. 566, 569 (N.D. Ala. 1996) ("The fact that a contagious disease is an impairment does not automatically mean it is a disability.").

In sum, Plaintiff has merely alleged that BASF regarded him as having an impairment. He has not alleged that BASF regarded him as having an impairment that substantially limited one or more major life activity. Accordingly, Plaintiff has not, and cannot, state a claim that he was regarded as disabled. Therefore, the Court must dismiss all of Plaintiff's claims alleging disability discrimination under the ADA.

**C.      Plaintiff fails to plausibly plead that he was subjected to unlawful medical exams or inquiries.**

Section 12112(d)(4)(A) of the ADA provides that "[a] covered entity shall not require a

medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112. "Section 12112(d)(4)(A) prohibits employers from using medical exams as a pretext to harass employees or to fish for nonwork-related medical issues and the attendant 'unwanted exposure of the employee's disability and the stigma it may carry.' " *Brownfield v. City of Yakima*, 612 F.3d 1140, 1140 (9th Cir.2010) (citing *EEOC v. Prevo's Family Mkt., Inc*., 135 F.3d 1089, 1094 n. 8 (6th Cir.1998)). The provision does not prohibit all medical inquires, but only those "as to whether such employee is an individual with a disability or as to the nature or severity of the disability." *Conroy v. New York Dept. of Correctional*, 333 F.3d 88, 95 (2d Cir. 2003) (quoting 42 U.S.C. § 12112). When interpreting this provision, the Fifth Circuit looks to the U.S. Equal Employment Opportunity Commission ("EEOC") Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees Under the Americans with Disabilities Act (2000), 2000 WL 33407181 ("Enforcement Guidance"). *See Delaval v. Ptech Drilling Tubulars, LLC*, 824 F.3d 476, 482 (5th Cir. 2016); *Diggs v. Burlington N. & Santa Fe Ry. Co*., 742 F. App'x 1, 4 (5th Cir. 2018).

Under the Enforcement Guidance, the first step is to determine whether an employer's question is a "disability-related inquiry" or whether the test or procedure is a "medical examination." 2000 WL 33407181, at *2. A "disability-related inquiry" "is a question (or series of questions) that is likely to elicit information about a disability." *Id.* at * 3. A "medical examination" is "a procedure or test that seeks information about an individual's physical or mental impairments or health." *Id.* at * 3. In this case, Plaintiff has not alleged that BASF undertook any action that meets the definitions of a disability-related inquiry or medical

5

examination. What is more, all BASF actions, as alleged by Plaintiff, are consistent with recent EEOC guidance specifically related to the COVID-19 pandemic. *See What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO*, U.S. Equal Emp. Opportunity Comm'n (Oct. 25, 2021), https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws.

Simply put, Plaintiff's Amended Complaint fails to identify any action allegedly taken by BASF that constitutes a disability-related inquiry or medical examination. Indeed, everything BASF is alleged to have done is expressly authorized by the EEOC. Accordingly, Plaintiff's unlawful medical exams or inquiries cause of action must be dismissed.

**D.   Plaintiff fails to plausibly plead a cause of action for retaliation because he has not identified an adverse employment action.**

To allege a plausible claim of retaliation under the ADA, a plaintiff must contend that (1) he participated in an activity protected under the statute; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. *Feist v. State*, 730 F.3d 450, 454 (5th Cir. 2013). To prove the second element—an adverse employment action—a plaintiff must demonstrate that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Dehart v. Baker Hughes*, 214 F. App'x 437, 442 (5th Cir. 2007).

In his Amended Complaint, Plaintiff lists the following alleged "adverse actions:"

> [D]efendant created false employment records stating that plaintiff was "a safety hazard" without assessment via a written safety violation warning; defendant threatened to accuse plaintiff of "abandoning his job" while preventing him access to the job site; plaintiff was threatened with termination on several occasions and given deadlines for termination such as January 4, 2022 and February 1, 2022; plaintiff was refused access to job site, his office, the break room and rest rooms; plaintiff was repeatedly coerced by management to undertake accommodations for

6

> a' perceived, yet undiagnosed disability; defendant continued to harass plaintiff despite plaintiff claiming protected opposition status by filing an EEOC Charge; defendant threatened plaintiff with incurring extra costs for weekly "antigen testing" at his own expense that other employees did not incur; and defendant's ADA compliance officer refused to mitigate the retaliation or aid and encourage the plaintiff in enjoying rights protected under the ADA. Dkt. No. 6 page 14 ¶ 18.

Plaintiff's allegations, if proven, are nothing more than petty slights or minor annoyances that do not rise to the level of an adverse employment action. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *see also King v. Louisiana*, 294 F. App'x 77, 85 (5th Cir. 2008) (holding that "allegations of unpleasant work meetings, verbal reprimands, improper work requests and unfair treatment do not constitute adverse employment actions as . . . retaliation"); *Grice v. FMC Techs., Inc.*, 216 F. App'x 401, 407 (5th Cir. 2007) (holding that allegedly falsified reprimands are considered "trivial" and not materially adverse in the retaliation context); *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007) (holding that a written disciplinary warning for insubordination and being argumentative would not have "dissuaded a reasonable worker from making or supporting a charge of discrimination").

Moreover, as is evident by the hundreds of pages of records attached to Plaintiff's pleadings, none of the above actions actually dissuaded Plaintiff from submitting to BASF management repeated objections to BASF's COVID-19 policies or filing a charge of discrimination. Simply put, Plaintiff's alleged adverse employment actions, if proven, amount to nothing more than trivial slights that cannot support a retaliation claim under the ADA. Therefore, Plaintiff's retaliation claim must be dismissed.

### E.  Plaintiff is not entitled to further opportunity to amend his pleadings.

The Court's procedures provide that, prior to filing a Rule 12(b) motion to dismiss, the moving party must confer with the opposing party and inform the opposing party of his right to amend his pleadings within 14 days. Judge Brown's Procedure Number 6. Pursuant Court's

procedure, on March 18, 2022, BASF's counsel served Plaintiff a letter of conference explaining the basis of this motion and providing 14 days to amend his Complaint. *See* Exhibit A. Plaintiff responded via email on April 4, 2022 stating that he did not intend to amend his Complaint. *See* Exhibit B. The parties conferred further via telephone on April 4, 2022, and Plaintiff stated again that he did not intend to amend his Complaint. Consistent with Plaintiff's statements, he failed to amend his Complaint within fourteen days. Therefore, consistent with the Court's procedures, unless Plaintiff survives the instant motion to dismiss, he is not entitled to an opportunity to amend his pleadings. *See* Judge Brown's Procedure Number 6.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

 */s/ Carolyn Russell*
Carolyn Russell
Texas Bar No. 24003913
SDTX No. 25141
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas  77002
713.655.0855
713.655.0020 (Fax)
carolyn.russell@ogletreedeakins.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

8

**OF COUNSEL:**
Ryan Swink
State Bar No. 24107940
SDTX No. 363109
OGLETREE, DEAKINS, NASH
  SMOAK & STEWART, P.C.
One Allen Center
500 Dallas, Suite 3000
Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)
ryan.swink@ogletreedeakins.com

## CERTIFICATE OF CONFERENCE

We hereby certify that on March 18, 2022 BASF conferred with *pro se* Plaintiff Brian Chancey by mailing him the letter attached to this Motion as Exhibit A. We further certify that on April 4, 2022, Plaintiff Brian Chancey responded to the letter via email and stated he did not intend to amend his Complaint. A true and correct copy of Plaintiff's email is attached to this Motion as Exhibit B. Finally, we certify that BASF conferred with Plaintiff via telephone on April 4, 2022. During the phone call, Plaintiff stated that he did not intend to amend his Complaint. Consistent with his statements, Plaintiff failed to amend his Complaint within 14 days of March 18, 2022.

*/s/Carolyn Russell*
Carolyn Russell

*/s/ Ryan J. Swink*
Ryan J. Swink

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2022, the foregoing was submitted to be filed electronically with the Clerk of the Court using the CM/ECF system and was served in a manner consistent with the Federal Rules of Civil Procedure on the following party:

Brian Chancey
3117 Encino Ave.
Bay City, Texas 77414

*/s/Carolyn Russell*
Carolyn Russell

50743471.v1-OGLETREE