Brian Chancey
Plaintiff in *Propria Persona*
3117 Encino Avenue
Bay City, Texas 77414
phone: 832-863-4519
email: gnman4@yahoo.com

United States Courts
Southern District of Texas
FILED
APR 18 2022
Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

United States Post Office and Courthouse; 601 Rosenberg, Room 411; Galveston, TX 77550

BRIAN CHANCEY

PLAINTIFF

v.                                                CASE NO.   3:22-cv-34

BASF CORPORATION

DEFENDANT

_____/

**BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, IN PART, PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## I. Summary

Plaintiff has submitted an amended complaint, which is the live complaint in this action, which sufficiently adheres to the general standards of pleading as laid down by *Bell Atlantic Corp. v. Twombly* (550 U.S. at 555) and *Haines v. Kerner* (404 U.S. at 519). Foremost, the amended complaint clearly "stat(es) a claim upon which relief may be granted" which is neither "formulaic" or "speculative". Second, the allegations contained in the amended complaint, "however in-artfully pleaded, are sufficient to call for the opportunity to offer supporting evidence". Finally, the amended complaint has "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's cause of action is and the grounds upon which relief may be granted.

1

Plaintiff's amended complaint has sufficiently alleged that he may proceed under the "regarded as" prong and the "record of" prong and has stated a *prima facie* case under the ADA.

Defendant filed its motion to dismiss (the "motion") on April 4, 2022. (D.E. 9). The motion is premised entirely on the defendant's incorrect position that plaintiff has not sufficiently alleged that the defendant is liable for violations under the ADA because plaintiff has not alleged that he is being regarded as disabled; has not alleged that he is being subjected to prohibited medical inquiries and examinations based upon this disability; and has not alleged that he has received materially adverse employment actions based upon disability.

## II. Statement of Questions Involved

**Issue One:** When plaintiff alleges in his complaint, affidavit and in several pieces of attached evidence that he is a qualified individual who is being regarded as disabled by defendant; and further alleges numerous examples of adverse employment actions taken in the form of: harassment, segregation, denial of equal access, interference with his rights, and threats to terminate his employment, unless plaintiff uses mitigation measures for the disability it regards plaintiff as having; does the plaintiff state a claim under the ADA such that dismissal of his claim prior to any discovery is improper?

**Issue Two:** Are alleged "medical examinations" and "disability related inquiries" ("COVID-19" mitigation protocols) which are unrelated to the performance of essential functions of the job; which are imposed without evidence of an individualized assessment; which are designed to mitigate a perceived disability; and which presume plaintiff to be disabled, therefore prohibited under the ADA?

**Issue Thee:** When plaintiff alleges in his complaint, affidavit and in several pieces of attached evidence that he has been subjected to numerous materially adverse employment actions; does the plaintiff state a claim under the ADA such that dismissal of his claim prior to any discovery is improper?

## III. Arguments and Authorities

2

It is not the duty of the plaintiff to remediate the defendant's council on the law. This is why we are here in the first place; because the defendant failed to understand the law and its legal duties under the law and it has not been advised properly.

If, at a minimum, defendant has threatened to terminate plaintiff even once because it regarded him as disabled, as alleged, then it violated the law. Because plaintiff has alleged this occurred several times along with other adverse employment actions, which he will prove through discovery, defendant's motion is due to be denied.

Defendant rests its argument on three flawed premises. First, it argues that the plaintiff must show a disability which "substantially limits one or more major life activities." Second, it posits that plaintiff did not allege any disability-related medical inquiries or exams that were imposed by his employer. Third, it claims that, since the plaintiff doggedly persevered in claiming his rights despite enduring numerous adverse actions of deterrence, threats and interference; this somehow absolves the employer because its actions just weren't "adverse" enough to make the plaintiff give up. Defendant is wrong on all three counts.

Plaintiff has sufficiently alleged that he is a qualified individual with a disability under the regarded as prong who noticed his employer that it was violating the ADA and the employer ignored this notice and continued to discriminate against the plaintiff. To meet the definition of a person "regarded as," disabled, plaintiff must show that he was subjected to an adverse employment action "because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity". 42 U.S.C. § 12102(3).

Defense mis-interpreted the rules of construction of "substantially limits" to suggest that plaintiff must also show an impairment which substantially limits major life activities. In fact, the pleading requirement under the "regarded as" prong specifically states that it does not require the plaintiff to prove that he is substantially limited. This is because the disability in question is one of perception which the employer is required to prove through an individualized assessment.

29 CFR 1630.2 (j)(2) "Non-applicability to the regarded as prong" clearly states that:

3

> "Whether an individual's impairment "substantially limits" a major life activity is not relevant to coverage under paragraph (g)(1)(iii) (the "regarded as" prong) of this section."

and this is stated again at 29 CFR 1630.2 (g)(3)

> "the evaluation of [disability] coverage can be made solely under the "regarded as" prong of the definition of disability, which does not require a showing of an impairment that substantially limits a major life activity."

Additionally, plaintiff has sufficiently alleged a second prong of the ADA, which is that defendant made a record of such disability by mis-classifying the plaintiff as having a physical or mental impairment (impaired immune system, and impaired respiratory system) that substantially limits his ability to engage in one or more major life activities. The employer does not intend to let plaintiff work without using mitigation measures (medical treatments, masking, testing, distancing) and has threatened to fire him repeatedly on the basis of perceived disability. Clearly, the defendant has adopted policy and procedures which regard the plaintiff as substantially limited and unable to work, communicate, interact with others, breathe, walk, sit, stand, etc. (29 CFR 1630.2 (i)) in the workplace without the use of mitigation measures. The defendant has failed its burden to prove that its perception is actually true.

Defense next suggests that the plaintiff never alleged any "disability-related" inquiries (inquiries that are intended to reveal a disability) or prohibited "medical examinations" (procedures or exams intended to reveal a disability).

Plaintiff has alleged numerous "Covid-19 protocols" which are all purposed to either "elicit information about a disability" such as: requiring vaccine status records, temperature checks and antigen tests (AFF ¶ 10, 31, 33, 36); or policy and "procedures" which have already concluded the plaintiff has a specific, infectious disease which needs to be mitigated through on-going measures such as segregation (AFF ¶ 16, 37, 38); masking (AFF ¶ 24, 34, 37, 40); and coercion to get medical treatments for his presumed disability (AFF ¶ 34, 35, 36, 39).

The defense refers to EEOC guidance issued on this subject, which is EEOC commentary on a website and is not an agency determination carrying the force or effect of law; as is stated on the front of the guidance itself.

4

The guidance makes a distinction between inquiries that are likely to elicit information about a disability such as "asking an employee to provide medical documentation regarding his/her disability"; and inquiries that are broad and unlikely to elicit any information about a disability such as "asking an employee who is sneezing or coughing whether s/he has a cold or allergies." [1]

The EEOC goes on to state that medical procedures or tests that are designed to "measure an employee's ability to perform actual or simulated job tasks" are permitted. However a non-job-related inquiry is prohibited. In this particular case, the plaintiff is being regarded as a direct threat and this guidance is pertinent:

> "Generally, a disability-related inquiry or medical examination of an employee may be "job-related and consistent with business necessity" when an employer "has a reasonable belief, based on objective evidence, that: (1) an employee's ability to perform essential job functions will be impaired by a medical condition; or (2) an employee will pose a direct threat due to a medical condition." [2]

Thus, defendant is required to provide the individualized assessment it is relying upon to consider the plaintiff as a direct threat; and despite plaintiff alleging that he asked for this assessment numerous times, defendant has failed to produce this assessment. Therefore, it conducted medical inquiries and procedures that failed to meet the required burden of proof. The criteria for a proper "individualized assessment" are listed in the regulations under 29 CFR 1630.2 (r).

Thirdly, the defendant claims that plaintiff never alleged any materially adverse employment actions. Defendant does not consider months of alleged harassment, interference with rights, coercion to undertake medical treatments; multiple threats of termination, falsifying of employment records and continued refusal to mitigate the discrimination as adverse employment actions. Defense terms the following as "petty slights":

> "[D]efendant created false employment records stating that plaintiff was "a safety hazard" without assessment via a written safety violation

---

[1] "Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees under the ADA" OMB-- EEOC-CVG-2000-4, p. 7
[2] "Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees under the ADA" OMB-- EEOC-CVG-2000-4, p. 12.

> warning; defendant threatened to accuse plaintiff of "abandoning his job" while preventing him access to the job site; plaintiff was threatened with termination on several occasions and given deadlines for termination such as January 4, 2022 and February 1, 2022; plaintiff was refused access to job site, his office, the break room and rest rooms; plaintiff was repeatedly coerced by management to undertake accommodations for a perceived, yet undiagnosed disability; defendant continued to harass plaintiff despite plaintiff claiming protected opposition status by filing an EEOC Charge; defendant threatened plaintiff with incurring extra costs for weekly "antigen testing" at his own expense that other employees did not incur; and defendant's ADA compliance officer refused to mitigate the retaliation or aid and encourage the plaintiff in enjoying rights protected under the ADA." Dkt. No. 6 page 14 ¶ 18.

These "petty slights" all had an element of duress involved; and plaintiff mentions many times in his affidavit that he felt coerced, was worried about his job, took administrative actions to protect his job, and states that his job was threatened despite taking these actions. These are alleged facts and the motion is not the proper place to question them; they will be properly examined through discovery.

The deeper issue here is that the defendant failed to respond properly to plaintiff's ADA claim. The moment the plaintiff claimed disability the defendant is required to respond with either a beneficial action, such as providing equal access, or a neutral action such as claiming an exemption from the ADA. The defendant failed to understand its legal duty under the ADA and instead responded with a series of adverse actions. Plaintiff even guided the defendant to respond correctly when he asked defendant to produce an individualized assessment upon which it was basing its discrimination. Defendant refused and continued to perform a series of adverse employment actions.

Defendant makes a general denial of an allegation regarding the "nexus" between plaintiff claiming his rights and defendant issuing adverse employment actions. However, the affidavit that plaintiff filed in support of his complaint outlines a series of events that plaintiff endured from defendant as a **direct result** of plaintiff's good faith opposition to a discriminatory policy in which he claimed his rights. Defendant's actions proceeded through a gamut of "discrimination" practices detailed in the first count, and continued through a gamut of "retaliation" practices detailed in the second count as they are delineated and outlined in Title I of the ADA. The EEOC identifies violations as falling in the category of discrimination

violations or in the category of retaliation violations and plaintiff's complaint echoes these distinctions. The complaint has sufficiently alleged facts to establish a claim for discrimination and for retaliation.

Lastly, The defendant has asked the court not to allow any amendment to plaintiff's complaint. This seems an odd request. Plaintiff did amend his original complaint before any leave was required; however the complaint to which the motion responds is the only complaint of record. Plaintiff responded to defendant's notice of its intent to file a motion to dismiss and simply replied to the defendant that he understood the notice and was not planning to amend the complaint of record prior to the motion.

## IV. Conclusion

WHEREFORE plaintiff requests an order denying the motion in its entirety.

## V. Proposed Order

A proposed Order is filed with this response.

DATED this 15 day of April, 2022.

_____
Brian Chancey, Plaintiff

Brian Chancey
Plaintiff in *Propria Persona*
3117 Encino Avenue
Bay City, Texas 77414
phone: 832-863-4519
email: gnman4@yahoo.com

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

United States Post Office and Courthouse; 601 Rosenberg, Room 411; Galveston, TX 77550

BRIAN CHANCEY

PLAINTIFF

v.                                                    CASE NO.   3:22-cv-34

BASF CORPORATION

DEFENDANT
_____/

**CERTIFICATE OF SERVICE**

I, Brian Chancey, hereby certify that a true and correct copy of the foregoing was duly served upon the defendant's attorneys, Carolyn Russell and Ryan Swink, both at the address of 500 Dallas Street, Ste. 3000;  Houston, TX 77002, via first class mail on this 16 day of April, 2022.

By: [signature]