IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRIAN CHANCEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:22-CV-34 |
| | § | |
| BASF CORPORATION, | § | |
| | § | |
| Defendant. | § | |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

The parties conferred via telephone on April 29, 2022 at 9:30a.m. Plaintiff Brian Chancey attended on behalf of himself and Carolyn Russell attended on behalf of BASF Corporation ("BASF").

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

None.

3. <u>Briefly</u> describe what this case is about.

Plaintiff Brian Chancey contends that BASF has implemented policies and procedures which violate requirements set forth in the Americans with Disabilities Act and contends that BASF retaliated against Chancey when he opposed discriminatory policies and procedures in good faith.

BASF denies that the policies implemented in response to the COVID-19 pandemic are unlawful, denies it retaliated against Plaintiff and denies Plaintiff is entitled to any of the relief he seeks.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

None.

5. **Federal jurisdiction.**

    a. **Specify the allegation of federal jurisdiction.**

Federal Question. *See* 28 U.S.C. § 1331

    b. **Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.**

None.

    c. **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.** *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

N/A.

6. **List anticipated additional parties that should be included, and by whom they are wanted.**

None at this time.

7. **List anticipated interventions.**

None at this time.

8. **Describe class-action or collective-action issues.**

None

9. **State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.**

Plaintiff states that he filed his initial disclosures with the Court.

BASF states that, if necessary, BASF agrees to serve initial disclosures within 14 days of the Court's order on the pending motion to dismiss.

**10.    If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

Plaintiff states that a pro se plaintiff's time is worth the same as a BAR member's. Therefore he reserves the right to ask for "attorney fees" at the proper time.

BASF states that Plaintiff is proceeding *pro se* and, therefore, there is no claim for attorneys' fees.

In the event BASF is entitled to recover its attorneys' fees the parties agree to submit the issue to the court for resolution on affidavits or declarations.

**11.    Describe the proposed discovery plan, including:**

**A.    Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.**

Plaintiff proposes that the Parties agree that they may, at their option, as needed convert hard-copy documents into PDF format and to produce such documents and electronically stored information in an electronic format (for example, USB, compact disc, FTP site, or DropBox); and that paper mediums are also available.

Defendant proposes that the Parties agree to convert hard-copy documents into PDF format and to produce such documents and electronically stored information in an electronic format (for example, USB, compact disc, FTP site, or DropBox).

The Parties otherwise agree to the disclosure requirements of Rule 26(a)(1) and to the ordinary rules and limits on discovery as set forth in the Federal Rules of Civil Procedures.

**B.    Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.**

None

**12.    Experts**

**A.    Are experts needed on issues other than attorneys' fees?**

No.

**B.    If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

None.

    **C.**    **The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)**

None.

    **D.**    **The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)**

None.

**13.**    **State the date discovery can reasonably be completed.**

December 30, 2022.

**14.**    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Parties have agreed.

**15.**    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**16.**    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.**

The Parties believe mediation may be of value following the Court's ruling on BASF's motion to dismiss and discovery.

**17.**    **From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.**

Plaintiff proposes a mediated settlement conference with an ADA Mediation expert.

Because Plaintiff is *pro se*, BASF believes the most effective form of alternative dispute resolution would be a mediated settlement conference with a United States Magistrate Judge.

**18.**    **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.**

The parties do not jointly consent to proceed before Magistrate Judge Andrew Edison.

**19.**    **State whether a jury demand has been made and if it was made on time.**

Plaintiff has made a jury demand.

**20.     Specify the number of hours it will likely take to present the evidence.**

Plaintiff states: 24-48 hours.

BASF states: 20 hours.

**21.     List pending motions that may be ruled on at the initial pretrial and scheduling conference.**

BASF's Motion to Dismiss Dkt. No. 9.

**22.     List other pending motions.**

Plaintiff's Motion to Appoint a Special Master.

**23.     List issues or matters, including discovery, that should be addressed at the conference.**

None.

**24.     Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

BASF certifies that it filed its Disclosure of Interested Parties on March 18, 2022.

Plaintiff certifies that he filed his Disclosure of Interested Parties on April 5, 2022.


*/s/ Brian Chancey (by permission)*          04/29/2022
Brian Chancey – Pro Se Plaintiff                              Date



*/s/ Carolyn Russell*                          04/29/2022
Counsel for Defendant                                         Date

                    Respectfully submitted,

                    /s/ Brian Chancey (by permission)
                    Brian Chancey
                    3117 Encino Ave.
                    Bay City, Texas 77414

                    **PRO-SE PLAINTIFF**


                    **OGLETREE, DEAKINS, NASH,**
                       **SMOAK & STEWART, P.C.**

                    */s/ Carolyn Russell*
                    Carolyn Russell
                    Texas Bar No. 24003913
                    SDTX No. 25141
                    One Allen Center
                    500 Dallas Street, Suite 3000
                    Houston, Texas  77002
                    713.655.0855
                    713.655.0020 (Fax)
                    carolyn.russell@ogletreedeakins.com

                    **ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**
Ryan Swink
State Bar No. 24107940
SDTX No. 363109
OGLETREE, DEAKINS, NASH
  SMOAK  & STEWART, P.C.
One Allen Center
500 Dallas, Suite 3000
Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)
ryan.swink@ogletreedeakins.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 29th day of April 2022, the foregoing was submitted to be filed electronically with the Clerk of the Court using the CM/ECF system and was served in a manner consistent with the Federal Rules of Civil Procedure on the following party:

Brian Chancey
3117 Encino Ave.
Bay City, Texas 77414

                                                        */s/Carolyn Russell*
                                                        Carolyn Russell