Brian Chancey
Plaintiff in *Propria Persona*
3117 Encino Avenue
Bay City, Texas 77414
phone: 832-863-4519
email: gnman4@yahoo.com

United States Courts
Southern District of Texas
FILED

JUL 13 2022

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
United States Post Office and Courthouse; 601 Rosenberg, Room 411; Galveston, TX 77550

BRIAN CHANCEY

PLAINTIFF,

v.                                            CASE NO.  3:22-cv-34

BASF CORPORATION

DEFENDANT.

_____/

### REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

Additionally, the plaintiff requests that this court justify its "Order denying a special master" by stating its findings of fact that deny plaintiff's allegation that exceptional conditions exist and its conclusions of law.

The exceptional condition which surrounds this case is the fact that this court has adopted the very same policies which the defendant has adopted and it is these policies which have created causes of action which gave rise to plaintiff's complaint.  The court is doing the same thing the defendant is being sued for.

The court is engaging in the same policy as the defendant, and this has every appearance of being a conflict and an extraordinary condition.  How many times does the court hear a case for fraud or murder or some offense for which the court

itself participates?   If the answer is "never" or "hardly ever" then this fits the definition of an exceptional or extraordinary condition.   Furthermore, unless this conflict is resolved by the appointment of a special master to help navigate this exceptional condition, the court is frustrating the plaintiff's access to a fair and impartial court.

It is certainly an exceptional (meaning: extra-ordinary) condition when the court is hearing a case which describes practices which the court itself engages in. True and correct copies of three signed "special orders" detailing the court's "covid policy" are attached as exhibit A.

"Special Order G-2021-2", signed by Judge Brown himself, reveals that this court is administering experimental treatments ("vaccines") and medical interventions (masks) as a condition of employment for its employees, despite the court having no legal duty or authority to do so.  "Special Order H-2021-12" details that this court assumes all jury members to be direct threats and the court will impose mitigation measures like masks, shields, barriers, isolation, etc upon them without first performing an individualized assessment to make a direct threat determination.  "Special Order H-2021-8" states that U. S. Marshals may deny any individual access to the programs, benefits and services of the court if an individual does not use mitigation measures.

All of these "special orders" are in violation of rights protected under the ADA (which is fully expressed in the 504 Rehabilitation Act for Title II entities like a court), as well as the right to informed consent and the right to refuse experimental medical treatments.   This is exactly the plaintiff's issue with the

policy and procedures rolled out in the defendant's "covid policy" as described in the plaintiff's complaint and affidavit.

Furthermore, these "special orders" are in direct contradiction to this Court's own ruling from the District court in Tampa which found that the CDC has no authority to "impose" these measures therefore it cannot confer any authority to other entities to impose these measures.  The order by District Judge Mizelle, while not a holding, was supported with a library of holdings and case law. Despite the ruling, Judge Brown has not yet revoked the "special order" he signed. Why is this court continuing to impose a policy of illegally imposed mitigation measures? This fact alone emphatically supports the necessity for granting the plaintiff's request for a special master to oversee these proceedings.

Why is this court delaying or hesitating to align itself with the ruling of the Middle District Court in Tampa which found the CDC has no authority to impose a Mask Mandate and other mitigation measures?  Where does Judge Brown derive the authority to administer the "covid policy" when the policy conflicts with the ADA, premises liability law and with the Tampa ruling by Judge Mizelle?  Is Judge Brown biased in favor of "covid policies" and against anyone who opposes the policy in good faith?

How can the Court have conflicting judgement?  How can the District court in Galveston reach a different conclusion of law than the District court in Tampa which concluded that the CDC's Mask Mandate exceeded it's statutory authority and violated the procedures for agency rule making under the APA.  Judge Mizelle found that the CDC has no authority to impose "sanitation"-based mitigation

measures on individuals directly (only on property); and that the CDC policy failed to satisfy the requirements that any individual "… is "reasonably believed to be infected" and is actually found "upon examination" to be infected.   The Mask Mandate complies with neither of these…"[2]   Judge Mizelle is referring to established legal requirements which are in agreement with what the ADA calls performing an individualized assessment.

Judge Mizelle goes on the state that the CDC also has no authority to claim it can impose experimental "covid vaccines".  Further, if the CDC does not have the authority to impose these mitigation measures on individuals; it cannot possibly confer any authority onto employers and public accommodations like the Galveston court to impose these policies.

What law is the Galveston court relying upon to enforce policies which the Tampa court found illegal?  If airlines have no authority (as well as trains, buses, subways, taxis etc) to enforce mitigation measures how does this court have the authority to issue "special orders" which regard individuals as direct threats without examination or proof?  How is it possible for this court to rule in any other way than the Tampa judge did?

Dated this ___12___ day of July,  2022.

Brian Chancey
Plaintiff in Propria Persona

---

2   Page 24 of Judge Mizelle's order.