IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BRIAN CHANCEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:22-CV-34 |
| § | |
| BASF CORPORATION, § | |
| § | |
| Defendant. § | |

### BASF CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE OR VACATE ORDER AND MOTION REQUESTING FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pending before the Court are Plaintiff Brian Chancey's ("Plaintiff") Motion to Set Aside or Vacate (Dkt. No 21) and Request for Findings of Fact and Conclusions of Law (Dkt. No 22). Defendant BASF Corporation ("BASF") opposes the motions and responds as follows:

The Court's order denying Plaintiff's request to appoint a special master is not a "Final Judgment, Order, or Proceeding" and therefore Rule 60 does not apply. Rather, requests for reconsideration of an interlocutory order, such as the one at issue here, are properly treated as a motion for reconsideration under Federal Rule of Civil Procedure 54(b). *See Helena Labs. Corp. v. Alpha Sci. Corp.,* 483 F. Supp. 2d 538, 538 n.1 (E.D. Tex. 2007). Nevertheless, regardless of the applicable rule, Plaintiff's motion is nothing more than an attempt to rehash issues the Court has already resolved. Therefore, the motion should be denied.

As to Plaintiff's Request for Findings of Fact and Conclusions of Law, the Court is obliged to provide findings of fact and conclusions of law only in the circumstances described in Federal Rule of Civil Procedure 52. None of the circumstances proscribed in Rule 52 exists here. Therefore, the request also should be denied.

1

As a final note, it appears, based on Plaintiff's filing to date, that BASF likely will be required to respond to, and the Court likely will have to rule on, multiple similar motions and requests as this litigation continues. BASF requests that the Court admonish Plaintiff that repeatedly filing such motions can, and will, lead to sanctions, up to and including monetary sanctions and/or striking of his Complaint.

## CONCLUSION

For the foregoing reasons, BASF respectfully requests that Court deny Plaintiff's Motion to Set Aside or Vacate (Dkt. No 21) and Request for Findings of Fact and Conclusions of Law (Dkt. No 22). Additionally, BASF requests that the Court admonish Plaintiff that repeatedly filing similar motions will lead to sanctions.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.**

 */s/ Carolyn Russell*
Carolyn Russell
Texas Bar No. 24003913
SDTX No. 25141
One Allen Center
500 Dallas Street, Suite 3000
Houston, Texas  77002
713.655.0855
713.655.0020 (Fax)
carolyn.russell@ogletreedeakins.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

**OF COUNSEL:**
Ryan Swink
State Bar No. 24107940
SDTX No. 363109
OGLETREE, DEAKINS, NASH
  SMOAK  & STEWART, P.C.
One Allen Center
500 Dallas, Suite 3000

Houston, Texas 77002
713.655.0855
713.655.0020 (Fax)
ryan.swink@ogletreedeakins.com

## CERTIFICATE OF SERVICE

This is to certify that on August 3, 2022, the foregoing document was submitted for electronic filing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties.  Additionally, the foregoing document has been sent certified mail, return receipt requested. To the following address for Plaintiff, a *pro se* litigant:

Brian Chancey
3117 Encino Ave.
Bay City, Texas 77414

*/s/Carolyn Russell*
Carolyn Russell